We're ready for argument now in the case of Graham against the Board of Education. Mr. Rice. Thank you, Your Honor, and may it please the Court. Matt Rice, as Court Appointee, is in support of reversal. For three reasons, ERISA's governmental plan exemption does not extend to plans covering more than a de minimis number of private sector employees. First, the statutory phrase... Mr. Rice, I hate to break your train of thought, but there's an important question that's not addressed by your brief or the party's briefs, which is, was Graham injured by the Board of Education's classification of this pension plan? Your Honor... Because if she wasn't injured, it's hard to see standing. Your Honor, we think that Ms. Graham was injured. In paragraphs 53 and 61 of her complaint, she sets out that she was specifically deprived of her retirement, health, and other welfare benefits. And she also, with respect to the retaliation claim, walks through... Yes, I'm aware that that happened. She also alleged she was deprived of medical benefits, but there's considerable reason to doubt these allegations. And injury is something that doesn't have to... It can initially be alleged generally, but it must be shown. And I'm really asking, has injury been shown? What's the injury, concretely? Your Honor, I think Ms. Graham has disputed whether she was provided health benefits. I think she disputed that throughout the lower court litigation. I think the specific injury is the deprivation of benefits under ERISA. I also think she was injured under the retaliation claim for a lack of ability to find future employment. She has had adverse actions against her. But, excuse me, how would that be related to whether this plan is covered by ERISA? Well, Your Honor, I believe that the threshold question is whether the plan is covered by ERISA. And under ERISA, Ms. Graham has set out two types of claims. No, look, the threshold question is standing in every case. I know we didn't ask you as amicus to address that, but that's the threshold question. And I'm trying to figure out... It's probably a mistake to try to address this now because the briefs don't do it. So tell you what, we would like you and the Board of Education to file supplemental memos within 14 days of argument addressing the question whether and how the plaintiff was injured by each of the things she complains about. That would be very helpful to the court and perhaps to your client. Well, it's not your client. I'm sorry. And perhaps to the person you are attempting to assist as a friend of the court. Yes, Your Honor, we would be glad to provide that. For which the court is grateful. Yes, Your Honor. For which the court is grateful. Mr. Rice, sorry to add to your burdens, but you can be more helpful to the court. Anyway, please. And while you're doing that, I'm so sorry, but, you know, the complaint refers to interrupted insurance and retirement benefits. So, you know, if you could zero in on what specifically would be the damages under ERISA for this, for the interruption. Okay. Yes, Your Honor. Yes, Your Honor. Now, I do have another question, though. The implications of your argument that including charters in a government pension plan would make it subject to ERISA are very far reaching. Such a change, you know, would alter the benefits of public school employees quite drastically without warning. From a purely practical standpoint, how do you justify that position? Well, Your Honor, we think that Congress, when it enacted ERISA, intended to protect private sector employees. And it specifically drew the line at governmental plans that were for governmental employees. And we think that if states or local governments do not want to be subject to the protections of ERISA, they have the power to structure their legislation and structure their entities in a manner such that private sector participants are not participating within their plan. And to be clear here, Your Honor, we are not, I believe this came up in the briefing, our position is not at this stage in the proceedings that these plans are necessarily private sector plans or rather that they include greater than We are simply arguing that here at the motion stage, Ms. Graham has stated enough in claiming that more greater than a de minimis number of private sector employees participate. So we think that the states and localities have the power to control who participates in the plans that they establish and maintain. And that Congress drew the line at allowing plans for governmental employees and that they control whether or not private sector employees participate. Mr. Wright, the cases that you cited seem to me to speak more to the situation where a previously government run plan becomes entirely privatized. So short of a situation like that, what point would you draw the line for more than de minimis participation that would, you know, convert a government plan into one covered by ERISA? 5%, 10%, what percent? Your Honor, we think it should be a very small amount. It should be a trifling amount. In the Wisconsin Department of Revenue case, the Supreme Court stated that if a deviation from a prescribed standard was de minimis, it depends on context and that courts have to look to the purpose of the prescribed standard in order to determine whether the deviation is de minimis. And here, the entire purpose of ERISA was to protect private sector employees. So we think that any deviation and any allowance of private sector employees should be minimal. The Department of Labor, in its opinions, has allowed around 1% or less of private sector participation within these plans. And at this point, though, in the litigation, we don't have specific numbers as to how many private sector employees are participating within these plans. Mr. Rice, you referred to the Department of Labor's opinions. I assume you're referring to the miscellaneous letters. Are there any regulations or other things that have been adopted with force of law? Your Honor, I don't believe that there are any regulations specific to this governmental plan exemption or specific from the Department of Labor as to what qualifies as de minimis private sector participation. What we have here... Has the Department of Labor even been authorized to make regulations on this question? Your Honor, I'm not certain with respect to the provisions of Title I. I believe that they have been authorized to create regulations with respect to other provisions within Title I of ERISA. I don't know specifically as to the governmental plan exemption as to whether they have been authorized or not. And the follow-up question would be what kind of deference, if any, would be appropriate for opinion letters that don't seem to be carrying out statutorily delegated tasks? Well, Your Honor, we think that the Supreme Court has given skid more deference to the opinions of the Department of Labor, and we do think that this is an appropriate case in which to give weight to the Department of Labor's view. ERISA is a complicated statutory scheme, and the Department of Labor has for decades interpreted the phrase, rather the governmental plan exemption, to allow no more than a de minimis number of private sector employees. And we think that it's been a longstanding, consistent, and contemporaneous interpretation, and those are precisely the situation in which courts give weight to an agency's interpretation of a regulation that they are charged with. Let me ask this in still a different way. Statutory phrase is established or maintained for a government agency. Has the Department of Labor interpreted or announced an interpretation of the significance of the word established in the phrase established or maintained? One of the things Chicago contends is that it was established for a public body, and now some private parties have gotten in. Has the Department of Labor dealt with that issue? Yes, Your Honor, it has. I would direct this court to DOL opinion 79-36, and in that opinion, the Department of Labor takes a flexible interpretation of the term established, much like... I hope you know that a phrase, flexible interpretation, when put up against the Supreme Court's current view of statutory interpretation, just tells you that the substitute, the synonym is incorrect. Well, Your Honor... When an agency says, take a flexible interpretation of something, the Supreme Court always says, think again. Your Honor, perhaps flexible wasn't the best word for me to use. As the second... Not if you wanted the agency's interpretation sustained. Yes, Your Honor. The Second Circuit in the Gulani decision recognized that the term established can have different meanings. It can refer to the act of bringing something into existence, but Your Honor, it can also refer... It can also mean to provide for, and courts and agencies charged with interpreting the governmental plan exemption have consistently looked to whether the plan is currently provided for governmental employees, and so... I don't think that the board's reliance on the established or maintained language in the statute is a much more straightforward way to decide what plans are covered. I mean, it's straightforward. Well, Your Honor, we recognize that this court starts with the text of the statute, but we think that everything indicates that Congress intended for the scope of the governmental plan exemption in Title I to be interpreted consistently with the scope of the governmental plan exemptions in Titles II and IV. Congress was very specific when it wanted private sector plans to fall within the scope of the governmental entity for its employees would fall within the scope of the exemption, and it's simply not plausible that Congress intended to use the term or to create such a loophole. If Congress truly intended to strip private sector employees of ERISA's important protections, it would have done more than simply use inconsistent conjunctions across the titles of ERISA. Mr. Rice, I must say I understand that. I'm sorry, Judge Hamilton. I must say I understand that in the sense that if the Board of Education hired itself out as an ERISA plan maintainer for anybody who wanted to get rid of ERISA, you know, the Teamsters Union, for example, wanted to get rid of ERISA, the Board of Education will now administer your plan. But that doesn't, you know, that drives us back to the question where the Department of Labor gets its authority to say things like this. Is it, are you ending up simply back on saying, well, it's Skidmore deference? Which at these days, and let me add again, Skidmore is not in good standing in the Supreme Court these days either. Your Honor, I would say it's not just Skidmore deference. It's the fact that contemporaneous with the enactment of ERISA in 1975, the Board, the Department of Labor, the Board of Education, the Board of Education, the Board of Education has a constant view that ERISA plan was both established and maintained. And from that period to current day, it has consistently looked to a plan's current composition to determine whether greater than de minimis private sector employees are participating. I see I'm rapidly running out of time. Judge Hamilton, back to you. Thank you very much. And Mr. Rice, again, the Court is grateful for your help on this, even if I confess skepticism about a couple of points here. First of all, is it clear that the factual basis for even raising this issue has to do with the treatment of charter school employees? Is there any other factor that's confusing us here? I believe that Ms. Graham alleged that charter school employees are the private sector employees that are participating. That's our theory. I know you don't want us to reach it, but when I look at Illinois law on the subject of charter school employees, I have a hard time seeing them, frankly, as anything other than public employees, given, I mean, there's a whole host of things. They're subject to the Educational Labor Relations Act under Illinois law. They're required to be covered by the pensions, et cetera, et cetera. And if we start opening the door to, as Judge Rovner was suggesting, if we start opening the door to saying suddenly the teacher plans in Illinois are going to be subject to ERISA funding in particular, it's going to be pretty dramatic. Yes, Your Honor. A couple of things in response. I won't repeat our preservation argument, our forfeiture argument, but I do think that this court should look to the NLRB's opinion at 355 NLRB, I'm sorry, 359 NLRB 455. It's the NRA Chicago mathematics decision. And also in the court's Shannon decision, the court there recognized that you can't turn a nonprofit entity into a governmental entity simply through a contract. So I see that a lot of times. It's a lot more than a contract. I'm looking at a whole network of state statutes that regulate this. It is, and I will just tell you, it's a pure question of law and one of enormous importance to not only to Chicago teachers, but to teachers all across and to taxpayers all across Illinois. Yes, Your Honor. I see that I'm out of time. If I may give a brief response. Please. You, please, as long as we're asking questions, you can keep giving answers. Thank you, Your Honor. It's a flexible standard. The NLRB applied, this court applies a two-part test for determining whether it was the Hawkins County test. And it applies this two-part test to determine whether an entity is governmental or private. And it looks to whether the entity was created directly by the state and whether the individuals responsible for administering that entity are in turn responsible directly to the electorate or to public officials. And applying this exact two-part test to the exact schools alleged to be governmental or that are alleged to participate in this plan, the NLRB determined they did not satisfy the Hawkins County test and that the charter schools were in fact private and not governmental. Thank you. Thank you, Mr. Rice. We have pretty much consumed your time with three minutes for rebuttal. Thank you, Your Honor. Mr. Doyle. May it please the court. The starting point where I would like to begin is with that phrase that is from definition number 32 from section 1002 of ERISA. And it's that phrase established or maintained. There is no question on this record that the plans at issue were established by the for the government. The established piece has never been in question. And that's one of the things that the district court judge. So how far do you go with that? Suppose the Chicago Board of Education desperately underfunded for the long term, hires itself out as a pension manager available to anybody who needs their pension manning and maintains the pension fund of IBM Corporation. Does that bring IBM's pension fund? Does that take IBM's pension fund outside ERISA? Well, Your Honor, that gets to at what point is too much right at what? No, I'm not asking at what point is too much. The statute says and you're relying on the statute established or maintained. So I'm giving you a hypothetical in which the Board of Education of the city of Chicago maintains IBM's pension fund. Any problem with saying it's now ERISA is now gone? That seems abusive if that's what the Board of Education. Well, it may be abusive, but I'm asking about the language of the statute as you have interpreted it. The statute would permit it, Your Honor. Okay. Thank you. And the the next piece that's key out of that phrase from the statute is that it says or it doesn't say and in the definition. I understand that. But of course, if you're going to take this, you do have this trouble with the Department of Labor opinion letters, which have been around since almost the time ERISA was created. What should we make of them? Here's what I make of them, Judge. They say that the standard and they quote the statute. Each of these letters says the standard is established or maintained. Often the letter comes to the conclusion that the planet issue was both established and maintained. In other words, none of those letters announce a position that the Department of Labor believes that or equals and none of them say that or is to be as the conjunctive as the official Department of Labor position. Rather, those letters go through the facts and often in sloppy conclusions say here the plan is both established and maintained. But those letters don't announce a new test. Those letters acknowledge what the statute says. Yes, Judge. I'm sorry. No, forgive me. I hope I haven't interrupted you. But if I don't know if we don't have any factual record as to the level of private participation in the board's pension and benefit plan, how do we conclude as a matter of law that it is a government plan? Your Honor, I believe you can do that under the same approach that the government or that the case. In that case, the Supreme Court said they did not need to look at the specific administration or characteristic characteristics. In other words, the facts involved with the natural gas utility in order to decide it. Rather, they looked at the statutes. They looked at how the agency was created and what the statute said about it. And here, Your Honor, the statute, the Illinois that this is not a private sector entity. It says it is a public school. It's subject to FOIA. It's subject to the Open Meetings Act. Importantly, perhaps for the purposes of ERISA, the money that charter schools operate on come out of our budget on a per student basis that is similar, very similar in fact under the statute, to the amount of money that we spend on students who are eligible for the ERISA program. And I think that's why that's important for ERISA purposes. The point of the governmental plan exemption, one of them, according to the Rose versus Long Island Railroad case, was the worry that private plans and private employers might be vulnerable to insolvency and that there would be no backstop behind that. So ERISA creates the Pension Benefits Guarantee Fund, et cetera. That concern is not present when you have a governmental plan because the government has taxing authority. And there is less of a worry, the Rose case says, this is one of the policy justifications that underlies the governmental plan exemption. Now consider that in the context of charter schools. The charter schools do not create any greater risk of a naked insolvency because the taxing authority of the government is still behind the issue. In other words, Your Honor, if you look at what would be, what kind of an entity would create the sort of risk that requires ERISA regulation, it is not this one because this one looks an awful lot more like a government entity than it does a non-governmental entity. And so, the question is, how do we address that when the relevant issues are considered? Your Honor, I'd like to mention very briefly, the one case that my colleague mentioned, the NLRB decision that's the Interest Chicago Mathematics case, has a milk canning problem. That was a case that happened during the time that the Board was under recess appointment, and I believe that Chicago Mathematics case has been vacated. Counsel, I know that because of Mr. Rice's participation, our oral argument has focused on the ERISA question. But of course, the lawsuit involves a whole bunch of other questions. And one of the things the district court held is that the plaintiff's state law wage claim is preempted by federal labor law, by the Labor Management Reporting Act. I'm worried about 29 U.S.C. 152-2, which says that employees of states and state subdivisions are outside the scope of federal labor law. How can federal labor law preempt the plaintiff's wage claim when it doesn't apply to the Chicago Board of Education? I don't know the answer to that, Your Honor. Well, didn't you argue in the district court that her wage claim was preempted? We did argue that her wage claim is. Did you ever mention the fact that federal law expressly provides that labor law doesn't apply to states and their subdivisions? I believe we did not cite 152, Your Honor, and I believe we did. That's a serious problem. Your Honor. We have another thing that the district court held, which is that the discrimination claim is defective on the face of the complaint because the plaintiff did not identify a specific comparator who was treated better. What requires such a comparison to be identified in a complaint? The specific comparator probably does not need to be required, need to be identified. Indeed, the Supreme Court held in a case called Sierkiewicz against Surrema, which the parties and the district court have not mentioned, that this is not required. It looks like the district court has expressly contradicted a holding of the Supreme Court. Again, don't we have a problem here? You're defending the district court's decision. Seems to me there are aspects of this decision on which you should have confessed error. Your Honor, I believe that this pleading on discrimination, for example, is defective in a number of ways that we identified. There is no discriminatory intent identified on the basis of any protected class, for example. There's actually a rule that intent need not be pleaded, or rather it says intent may be pleaded generally. Disparate treatment does not require a specific allegation of intent at all. The Board of Education may have perfectly good defenses, but dismissing the complaint under Rule 12b-6 for failure to identify a comparator just can't be reconciled with, say, Sierkiewicz. There are other bases for dismissing the discrimination claim, Your Honor, that are mentioned and discussed in our brief, intent being one of them. There are no facts pled that suggest that the decision... I hate to say this, but complaints don't need to plead facts. We say that over and over and over and over. The Supreme Court held that in Sierkiewicz. Complaints plead claims. And the holding of Sierkiewicz is that I was the victim of race discrimination is adequate to plead a claim. Now, you may argue that the Supreme Court's later decisions are incompatible with Sierkiewicz. I understand that argument. But until the Supreme Court overrules it, we're bound by it. I understand, Your Honor. Those discrimination claims are so bare bones on this record, and there is so little indication that a viable claim is pled. That is what I think is going on. You recall what it is that happened here at the... Well, I don't. I must say I don't know what happened. I only know what's in the complaint. But Sierkiewicz holds that a bare bones complaint is sufficient in a race discrimination case. And if Twombly and Iqbal require more, that's not for us to say. It's for the Supreme Court to say. One of the things that is clear on this complaint, Judge, is that at the end of the dismissal proceedings, Ms. Graham was reinstated and made whole. That's what the statute required. That's what happened. That's Section 3485 of the school code. You are aware that the Supreme Court in Nashville against Banner held that that does not defeat a Title VII claim. The Sixth Circuit held that it did. The Supreme Court held otherwise. But, Your Honor, in terms of identifying any injury that she... Look, look. We're going to be getting supplemental memos from the parties. About injury. And I hope... Sorry. Supplemental memos from the parties and the amicus curiae who we have recorded, who we have recruited. To the extent there's a standing problem, I understand that. But if you're saying that a Title VII case is defeated by the fact that somebody was suspended without pay and back pay was later awarded, that precise issue has been decided by the Supreme Court, which said that that doesn't defeat the complaint. And we are going to follow the Supreme Court. I mean, that's our job. Yes, Judge. Your Honor, the key in figuring out whether this is a government entity or not is the Shannon decision and the test that is adopted there. For all of the reasons that are discussed in our brief, most significantly, the Illinois Charter Schools Law, the charter schools do not change the function of the plans that are at issue here. If Your Honors have no further questions... I do. ...answer anything in there. Yes, Judge. I do. I'm sorry. I probably should have asked this first off, but are Illinois charter school employees considered government employees? In other words, are their salaries included in the Illinois public salaries database? Or if a parent successfully sued a charter school for damages, would the state be liable?  I don't know if they're in public school or in public employee databases. I can tell you that the charter schools law says they are employees of the charter entity. So there is that answer that appears in the charter schools law, and I can get you the exact site that says that. It's section 10 of 27A from the charter schools law. Your Honor, the key though is the function that they're performing, and they're performing a public school function, which is a core government function. Well, it's a lot more complicated than that, right? The government contracts with private employers to carry out all kinds of core government... Functions such as, let's say, healthcare for prisoners. And it's a complicated area. Are charter school teachers covered by the same collective bargaining agreements? They are not. Okay, that's a critical difference, right? Some of them may be subject to other collective bargaining arrangements. They are not, I believe they are not under the Rochester CTU-CPS agreement. Okay, thank you. Was your argument that she pleaded herself out of court by alleging a violation of the collective bargaining agreement? She did plead that claim and dropped that claim. That was the FMLA claim that she pled in the district court. Yes, Judge. Okay, thank you. For all of these reasons and the reasons recited in our briefs, we ask this court to affirm the dismissal of her complaint. Thank you, Your Honors. Thank you, Mr. Doyle. Anything further, Mr. Rice? Yes, Your Honor, just two quick points. First, with respect to the DOL opinions, we don't read them as just happenstance addressing both the established and maintained wrongs. I would direct this court to DOL opinion 95-27A. In that opinion, the agency specifically explains that if a plan's composition changes and additional private sector parties are added to the plan, that the plan status underneath the governmental plan exemption would likewise change. I also, we didn't have a chance to address this, but we do think that the board's approach departs from the Second Circuit's opinion in Rose. There, there was a private entity that was later taken over by the governmental entity, but the court there didn't look back to the original creation of the plan to determine whether the plan was established for governmental employees. It recognized that a plan can be transferred, transformed, and that its governmental status can change underneath the governmental plan exemption. And that's the exact approach that we think the court should take here. So if there are no further questions, we would ask that this court reverse the district's court's judgment and remand for further proceedings. Thank you, Your Honor. Thank you, Mr. Bryce. And let me repeat what we have, all three members of the panel, appreciate your willingness and that of your law firm to step in as an amicus curiae and to assist the court as well as Ms. Green. Thank you for the opportunity. And the court will, the court requests that both parties file supplemental, sorry, that the parties and the amicus file supplemental memos within 14 days addressing the question whether and how Ms. Graham has been injured by the things of which she complains. Thank you very much. The case is taken under advisory.